SOUTHERN CAR MANUFACTURING AND SUPPLY COMPANY V. SCULLIN-GALLAGHER IRON AND STEEL COMPANY.

Decided January 27, 1905.

**1.—Orders for Goods—Rescission of Contract.**

Orders made at different times were not parts of the same contract, a breach of a part of which would authorize a rescission of the whole.

**2.—Same—Same—Goods Not Delivered.**

In an action on an account for goods delivered, and other orders filled but not delivered, an allegation that they were not delivered because defendant refused to accept them was not sustained, nor a recovery authorized by testimony of the officers of plaintiff that the goods were not delivered because the previous

account had not been settled, and a letter from plaintiff, notifying defendant that all work on his orders was suspended until settlement of the other account.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*W. M. Crook* and *R. C. Harris,* for appellant.—1. As a rule it takes both parties to a contract to rescind it, just as it took both to make it in the beginning; but an exception to this rule is in a case where the goods are being manufactured to order for a special purpose, where a revocation by either party must be acquiesced in as a rescission by the other so that he may make his damage as little as possible. Tufts v. Lawrence, 77 Texas, 526; Sonka v. Chatham, 2 Texas Civ. App., 312.

2. The court erred in its second conclusion of law in finding that some time shortly after January 16, 1903, or within a few days thereof, the defendant breached its contract and refused to accept said undelivered goods and refused to pay for any of said goods in whole or in part; said conclusion being contrary to the law and evidence and being wholly unsupported by the evidence. We presume the evidence relied upon by the court to support the second conclusion of law, is the letter of appellant to appellee dated January 16, 1903, which doubtless reached appellee a few days after that date; since this is the only communication between them of about that time; but this letter is not a refusal to accept the goods. To have the effect of breaking a contract the expression of an intention to abandon must be a distinct and unequivocally absolute refusal to perform the promise. Kilgore v. North Texas Edl. Society, 90 Texas, 142, 37 S. W., 599, and the authorities there cited; Mc-Mechen v. Hubbard, 59 S. W. Rep., 919.

*O'Brien, John & O'Brien* and *L. B. da Ponte,* for appellee.—Where the seller has delivered a part of the goods ordered in an open account and the buyer has defaulted in the payment therefor, a letter from the seller to the buyer notifying him that work has been stopped on his unfinished orders will not be held to be a rescission of the contract. Steinlein v. Blaidsell, 44 S. W. Rep., 200; Younger v. Welsh, 22 Texas, 426; Kilgore v. Assn., 90 Texas, 139; Sonka v. Chatham, 21 S. W. Rep., 948.

PLEASANTS, Associate Justice.—This suit was brought by appellee, a Missouri corporation, against appellant, a Texas corporation, to recover upon an account for goods sold and delivered.

Plaintiff, by its amended petition upon which the cause was tried in the court below, seeks to recover from the defendant the sum of $346.88 alleged to be due upon an open account for certain castings manufactured for defendant and sold and delivered to it on the 30th day of September, 1902, and on divers days thereafter, and the further sum of $431.38 for castings manufactured under order of defendant for a special purpose, but which it is alleged were not delivered for the reason that the defendant wrongfully refused to receive or accept the same at all times since their manufacture though plaintiff was at all times ready and willing to deliver same and would have done so but for the fact

that it was notified by the defendant that it would not receive the same nor pay the freight thereon as it had agreed to do. It is further alleged that the goods which defendant had refused to accept having been manufactured from special patterns for a special purpose have no market value, and recovery is asked for the full amount which defendant had agreed to pay therefor.

The defendant excepted generally and specially to the petition and answered by general denial and by special plea in which it is averred that the goods for which plaintiff claims the sum of $431.38 were not delivered by plaintiff according to contract; that said goods were ordered, if at all, which defendant denies, at different times from September 13 to November 7, 1902, and if plaintiff ever offered to deliver same it was not until January 12, 1903, which was an unreasonable time after the order was given.

The trial in the court below without a jury resulted in judgment in favor of plaintiff for $638.78, $346.88 of said amount being the value of the goods delivered to defendant, and the balance being the reasonable cost of the manufacture of the goods ordered by defendant but not delivered, less certain credits for overcharge and for the market value of the goods at the time defendant is alleged to have refused to receive them.

It is admitted by appellant that the judgment against it for the $346.88 claimed by plaintiff for goods sold and delivered to it is correct, but it is contended that there is no evidence to sustain the finding of the trial court that appellant ever refused to receive the goods for which the sum of $431.38 was claimed, and none of said goods having been delivered to it plaintiff was not entitled to recover any part of the sum claimed therefor.

The special order goods which were not delivered were ordered by defendant in November, 1902, to be delivered as soon as they could be manufactured and shipped. This order was given after the orders for the goods which were delivered. The terms upon which the goods were ordered were that they should be paid for on the first of the month after they were shipped.

On December 10th appellee wrote appellant the following letter:

"Southern Car Manufacturing and Supply Co., Beaumont, Texas.

Gentlemen. We wrote you on November 18, and again on December 1st, in regard to the settlement of your account, and we feel that you are not treating us right about this. You do not even reply to our letters. In view of the above facts we hereby notify you that we have stopped work on all your orders awaiting settlement of your account.

Yours very truly,

Scullin-Gallagher Iron and Steel Co.,

By.......... Sec. and Treas."

On December 29, 1902, the president of the appellant company replied to this letter stating that he had been from home adjusting accounts due his company and for that reason had not answered sooner. He further stated that appellant company expected to collect several large accounts due them about the first of the next month and that it

would then settle its account with appellee. Nothing is said in this letter in regard to the goods which had not been shipped by appellee. On January 16, 1903, appellant wrote appellee as follows:

"Beaumont, Texas, January 16, 1903.
The Scullin-Gallagher Iron & Steel Co., St. Louis, Mo.

We have just succeeded in making an adjustment of a very large amount of money, having secured draft in New York for same, and this will enable us to make settlement with you about the 20th of the month. Will you please send us exact status of the account? As we understand it, the bills rendered up to date are all that we owe you. I do not understand that any of the subsequent orders we sent you have been filled, and I hope not, as we have disposed of our shop and will not do any manufacturing for some time. Of course, if you have some of the castings on hand, and will advise us what they are, we will take care of them, but we much prefer not to take them as we are out of the manufacturing business and hope that the statement rendered covers the entire account against us.

Your prompt reply will be appreciated, and we regret much more than we can express to you the conditions which have prevented us making this settlement before.

Yours truly,
J. A. Wiggs, Jr., Pres."

The goods were never shipped, but an invoice or statement showing the several articles and their value as claimed by appellee was sent to appellant on January 21, 1903. All of the officers and employes of appellee company who testified in the case say that these goods were not shipped to appellant because it had failed to pay for the goods previously shipped.

We think this evidence wholly fails to sustain the allegation of the petition that the goods were not shipped because appellant refused to receive them. On the contrary the letter of January 16, which was the last communication from appellant to appellee on the subject, while expressing the hope that the order for the manufacture of the goods had not been executed, declared the willingness of appellant to accept and pay for such of the goods as had been manufactured, and there is nothing in the evidence to show that appellant was not willing to accept and pay for them if they had been shipped to it. The contract under which the goods were ordered provided that they were not to be paid for until the 1st of the month after they were shipped, and appellee was not entitled to recover the price of the goods without showing a delivery or a refusal on the part of appellant to accept them. The fact that appellant had not paid for the goods previously ordered does not affect the question. The orders were made at different times, and were not parts of one and the same contract, the breach of a part of which by the appellant would authorize the appellee to rescind the whole. (Baird v. Ratcliffe, 10 Texas, 81; Streeper v. Frieburg, Klein & Co., 3 App. Cases, 240; Tucker v. Billing, 5 Pac. Rep., 554; Mechem on Sales, sec. 1165.)

The judgment of the court below is affirmed for the sum of $348.88

the value of the goods delivered to appellant, the remainder of the judgment which is based upon the claim for the goods not delivered is reversed and judgment here rendered that appellee take nothing on such claim.

*Affirmed in part. Reversed and rendered in part.*