Wheulbu, J.
Tlie act of 1846 (Hart. Dig-., art. 1599) lias reference to the granting of an injunction for causes existing at the time of the rendition of the judgment. It could not have been intended to embrace a ease like tlie present, where the injunction was sought upon tlie ground of a payment and satisfaction of tlie judgment. The fourth instruction asked by the defendant was rightly refused. The statute of limitations had no proper application (o the case.
Tlie deposition of the witness Lynch was permitted to go to tlie jury without objection. The objection to its admissibility comes now too late. Though tlie facts deposed to may not have been binding upon tlie plaintiffs in execution as an estoppel, yet it was competent for tlie jury to infer from them tlie fact of a legal payment and satisfaction of the execution when in the bands of tlie sheriff.' When a payment was spoken of it was reasonable io infer that a payment in money was intended. The question of fact was for tlie determination of the jury.
It is immaterial in our practice whether tlie present be regarded as a proceeding to enjoin execution or to obtain an entry of satisfaction of tlie judgment. Tlie prayer for general relief was sufficient to-authorize the judgment.
Wo are of opinion that there is no error in the judgment and that it be affirmed.
Judgment affirmed.