BEIRNE & BURNSIDE V. JOHN P. KELSEY.

Where the general denial is pleaded, a plea of the Statute of Limitations is an admission of the debt in reference to that plea alone, and cannot be held to contradict the general denial.

The Statute will not bar a payment when pleaded as such in defence to a cause of action which has been extinguished by payment.

Error from Cameron. Tried below before Hon. E. J. Davis. The material facts are stated in the Opinion.

*Allen & Hale*, for plaintiff in error.

*I. B. Bigelow*, for defendant in error.

ROBERTS, J.   Suit was brought by plaintiffs against defendant on promissory notes.   Defendant answered that the notes, about nine hundred dollars, were given in part payment for a stock of goods of about the value of seventeen hundred dollars, and that at the time of the purchase he paid them down eight hundred dollars of the purchase money ; that they promised to have the goods insured in their passage from New Orleans to Corpus Christi, which they neglected to do and that the goods were lost in their passage ; and upon which allegations he claimed to set-off the notes sued on and recover back the eight hundred dollars with interest.   The plaintiffs denied the allegations of the plea, and pleaded the Statute of Limitations of two years in bar of the eight hundred dollars. The Court charged the jury that the amount paid by the defendant was admitted by the pleadings, that the Statute of Limitations would not run against the amount paid by the

defendant, and that they might allow interest on this amount for four years previous to the filing of the answer.

This charge is assigned as error. The plea of the Statute of Limitations admits by implication the payment of the money ; but if it admitted it directly, it would be an admission in reference to that plea alone, and could not be made to contradict the general denial, which was also pleaded. (Duncan v. Magette and authorities cited, decided at this Term.) It was erroneous to charge the jury that it was admitted by the pleadings.

The Statute will not bar a payment, when pleaded as such in defence to a cause of action which has been extinguished by payment. But such is not the case here. This is an action to recover back money paid for the goods purchased, and which were lost.

The Statute would commence running from the time the cause of action accrued, which was immediately upon the loss of the goods.

This cause of action, for the eight hundred dollars paid, was an open account, and did not bear interest at all necessarily.

These charges must have controlled the case below ; and for that reason, although the record does not show any exceptions taken to them at the trial, they are properly assigned as error.

Judgment reversed and cause remanded.

Reversed and remanded.