## MITCHELL v. MANN.    (No. 479-3873.)*

(Commission of Appeals of Texas, Section A.
Nov. 28, 1923.)

**1. Limitation of actions ☜127(4)—Amended petition setting out true date of note did not present a new cause of action.**

An amended; petition, correcting the ·date of the execution and maturity of a note executed by defendant stockholder to comply with his agreement in a stock subscription contract, did not present a different cause of action from that set forth in the original petition; the same debt, evidenced by the same note, ,being the cause of action asserted in both petitions. .

**2. Corporations ☜80(1)—Error to sustain plea of fraud ·inducing execution of note for stock.**

It was error to sustain exception to defendant's plea that at the time he executed the note sued on he believed it was pursuant to his contract' to subscribe for stock of a Texas company and that the promoters fraudulently represented to him that he was to receive stock in a Texas company, but that the payee company was in fact an Arizona corporation, for the question whether he should be allowed to repudiate his subscription by reason of such fraud would at least depend on the superiority of the equities as between him and the creditors of the corporation.

**3. Corporations ☜80(1)—Defendant not liable on a note to corporation other·than that to whose stock he had subscribed·**

If defendant executed the note sued on thinking it was pursuant to his subscription contract, relying on representations of the promoters that he was‾ purchasing stock in a Texas corporation,· as provided in his subscription contract, but the company was in fact incorporated in Arizona, the note would be without consideration, and, if thereafter nothing occurred which would estop him from denying that he was a stockholder, he would not be liable in a suit for the benefit of the creditors of the Arizona company on the note.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. W. Mitchell, as receiver of the Commonwealth Bonding & Casualty Insurance Company, against O. D. Mann. Judgment for plaintiff was reversed and rendered by the Court of Civil Appeals (243 S. W. 734), and plaintiff brings error. Judgments of both the district court and Court of Civil Appeals reversed, and cause remanded to the district court. See, also, 241‿ S. W. 715.

Ocie Speer and Marvin H. Brown, both of Fort Worth, for plaintiff in error.

A. N. Moursund, of San Antonio, and C. A. Wright, of Fort Worth, for defendant in error.

BISHOP, J. On December 16, 1910, the defendant in error, O. D. Mann, executed

the following stock subscription obligation, to wit:

"Whereas, Commonwealth Organization Company, of Fort Worth, Texas, are promoting the organization of a Casualty, Bonding & Accident Insurance Company, to be incorporated in pursuance of the laws of the state of Texas, under the name of Commonwealth Bonding & Accident Insurance Company, or such other name as may be selected, with an authorized capital stock of three hundred thousand dollars, and a paid-up capital of at least two hundred thousand dollars, paid up and free from organization expenses, all in accordance with a printed prospectus issued by them and delivered to me.

"And whereas, by their acceptance of this subscription said Commonwealth Organization Company agree to endeavor with all reasonable diligence to accomplish on or before December 31, 1910, the organization of said corporation with capital stock fully paid as aforesaid, they to defray all expenses of the organization and incorporation.

"Now, therefore, I do hereby subscribe for fifty (50) one-tenth shares of the par value of ten dollars each, of the capital stock of said Commonwealth Bonding & Accident Insurance Company, and agree with said company and the said Commonwealth Organization Company, to pay therefor the sum of .two thousand dollars, as follows: The sum of seventeen hundred and fifty dollars, I agree to pay in money or securities satisfactory to the Insurance Department, with 6 per cent. interest,· to said Commonwealth Bonding & Accident Insurance Company or its trustees at Fort Worth, Texas (which goes to capital and surplus), at any time after November 1, 1910, immediately upon receipt of notes from said Commonwealth Organization Company that its capital stock has been subscribed in good faith in amounts and at rates netting the company at least two hundred thousand dollars of capital in the aggregate when paid. The remaining sum of two hundred and fifty dollars, I agree to pay, and do pay concurrently with this subscription, to the said Commonwealth Organization Company, in consideration of their agreement hereinbefore recited, and in lieu of any further or other contribution to expenses of organization and incorporating said company.

"No conditions, representations, or agreements other than those printed herein shall be binding on Commonwealth Organization Company or the Commonwealth Bonding & Accident Insurance Company."

At a meeting of the subscribers to the capital stock, an overwhelming majority being present, represented in person and by proxy, the name of the proposed corporation was changed to that of the Commonwealth Bonding & Casualty Insurance Company and the place of incorporation changed from the state of Texas to the then territory of Arizona and the company actually incorporated in the territory of Arizona, and this corporation .carried defendant in error on its books as subscriber to the capital stock and as a stockholder of 50 shares from June 30, 1911, to appointment of receiver.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied January 16, 1924.

On March 11, 1911, defendant in error executed a proxy authorizing John Scharbauer, H. P. Branhan, and M. H. Mills, jointly and severally, to vote for him at any annual or special meeting of the stockholders of the Commonwealth Bonding & Casualty Insurance Company for the election of directors and upon such other questions as should come before such annual or special meetings.

There is nothing in the record to show when the subscribers' meeting was held at which the change of name and place of incorporation was agreed on. However, this must have been prior to the execution of the proxy, for the proxy authorizes a vote at meetings of stockholders of Commonwealth Bonding & Casualty Insurance Company, which clearly shows that the name had already been changed.

Thereafter on June 30, 1911, defendant in error executed his promissory note payable to the order of Commonwealth Bonding & Casualty Insurance Company at Fort Worth, Tex., for the sum of $1,750, with 6 per cent. interest per annum from date payable annually as it accrues, and due June 30, 1915, and reciting that to secure same he had deposited or pledged as collateral security two vendor's lien notes and 50 shares of Commonwealth Bonding & Casualty Insurance Company stock, and providing for the usual 10 per cent. attorney fees.

The plaintiff in error, J. W. Mitchell, receiver of the Commonwealth Bonding & Casualty Insurance Company, filed suit against defendant in error, O. D. Mann, in the district court of Tarrant county, describing the note as above described, except the date of the note is given as January 30, 1911, and the due date as January 30, 1915, and setting out the vendor's lien notes given as collateral security and praying for judgment for the amount of said note, with interest and attorney fees, and foreclosure of lien against said collateral. In a second count in his petition he alleged that defendant in error, on the 30th day of January, 1911, subscribed in writing, for capital stock in said company of the value of $1,750, agreeing to purchase that amount of its capital stock whereby he became liable to pay it said amount, which defendant in error had failed to pay, and prayed that if he should fail to recover on said note that he have judgment for amount due on said stock subscription.

On the 13th day of April, 1921, plaintiff in error filed his amended petition setting up said note as set out in his original petition except that it was alleged to be of date June 30, 1911, and due June 30, 1915, and attached to said amended petition as an exhibit the note sued on. He also in his amended petition set up the stock subscription agreement describing same and alleging its true date and attaching same as an exhibit to his said petition. In his amended petition he alleged that before the incorporation of said company the name had been changed to Commonwealth Bonding & Casualty Insurance Company, and on March 23, 1911, it was incorporated under the laws of the then territory, but now state, of Arizona, instead of under the laws of Texas; that this was all done with the knowledge and consent and acquiescence of defendant in error and all other subscribers to capital stock; and that thereafter, with full knowledge of all the facts in the premises, defendant in error fully ratified and affirmed the change of name and its incorporation under the laws of Arizona instead of under the laws of Texas, and prayed for judgment as in his original petition.

Defendant in error demurred generally, and specially excepted to the amended answer on the ground that same on its face showed that both the stock subscription contract and note were barred by limitation at the time of, and prior to the filing of plaintiff's amended petition on April 13, 1921, and also excepted to the action of the court in allowing plaintiff in error, on his motion, to file said amended petition as of date September 18, 1916. Defendant in error also denied generally all the allegations in said amended petition, and pleaded the statute of limitation as to both said stock subscription contract and note. He also alleged said company was incorporated under the laws of Arizona and not under the laws of Texas; that neither said note nor subscription contract was ever delivered to said company, or intended to be so delivered with his consent, and asked that both be canceled. He also alleged that he was induced to sign said subscription contract on the representation of the promoters of said company that same was to be incorporated under the laws of the state of Texas and was to be a home company; that thereafter he executed the note on the representation of said promoters that said company was a Texas corporation, and that he believed the same to be a Texas corporation and executed said note relying on the representations so made; that he was never advised that said company was incorporated under the laws of Arizona or would be so incorporated; that he has never ratified or acquiesced in or consented to his said subscription contract or note being diverted by the use of any foreign corporation, and did not know that said company was to be, or was, incorporated under the laws of any other state than of the state of Texas; and that for these reasons the consideration of both said subscription contract and note has wholly failed, the consideration for same being for stock in a company to be incorporated under the laws of the state of Texas. The trial court sustained an exception to this answer, wherein it alleged misrepresentation, fraud, and failure of consideration.

The case was tried before the court resulting in a judgment for plaintiff in error, and on appeal to the Court of Civil Appeals this judgment was first reversed and remanded, and thereafter, on motion for rehearing, reversed and rendered in favor of defendant in error. 243 S. W. 734.

[1] We think it is clear that the plaintiff in error in his original petition and amended petition was asserting the same cause of action. He was attempting to describe the same stock subscription contract and note. The note sued on was executed by defendant for the purpose of complying with his agreement as set out in the stock subscription contract. The mere fact that the note was described in the original petition as being of date "January 30, 1911," and due "January 30, 1915," and thereafter in the amended petition described by alleging its true date, and correct date of maturity, would not be presenting a different cause of action. The same debt evidenced by the same note is the cause of action asserted in both petitions. The Court of Civil Appeals was in error in holding that the amended petition set up a new cause of action, which was barred by the statutes of limitation, and the assignment complaining of the action of the Court of Civil Appeals in holding that the trial court erred in ordering the amended petition filed as of September 18, 1916, becomes immaterial. Wiebusch v. Taylor, Adm'r, 64 Tex. 53; Kendall, Adm'r v. Riley, 45 Tex. 20; Texas Elevator & Compress Co. v. Mitchell, 78 Tex. 64, 14 S. W. 275.

[2] From the statement above it appears that in his pleadings in the trial court the defendant in error contended that, while he had agreed in his subscription contract to take and pay for stock in a corporation to be incorporated under the laws of the state of Texas, he was not thereby bound to accept stock in the company thereafter incorporated under the laws applying to the territory of Arizona; that at the time he executed the note sued on he believed he was to receive stock in a Texas company, and never knew that the Commonwealth Bonding & Casualty Insurance Company was an Arizona corporation till he was sued in this case; that the promoters falsely represented to him at the time he executed the note that this was a Texas company; that he relied on this representation; that having subscribed for stock in a Texas corporation, and having executed his note for such stock, and not for stock in an Arizona corporation, that same, in the hands of this company, was without consideration. This plea was by plaintiff in error excepted to, and the exception by the trial court sustained. The plaintiff in error in his amended petition alleged that this company was on the 23d day of March, 1911, incorporated "under the laws of the then territory, but now state, of Arizona instead of under the laws of Texas," as provided in the subscription contract, and that this was done "with the knowledge and consent and acquiescence" of defendant in error, and that thereafter he with full knowledge of these facts ratified and confirmed its incorporation under the laws of Arizona.

We think the trial court erred in sustaining the exception to this plea of defendant in error. One who is by fraud induced by the agents of a corporation to purchase stock therein is entitled to all the remedies against it which he would have against a principal in any other like case. And the company having become insolvent, and suit instituted in behalf of creditors to recover on a note executed in the purchase of stock of the company, such stockholder claiming that he has not been guilty of laches, and has not by his conduct estopped himself from securing relief, the question as to whether he should be allowed to repudiate his subscription by reason of such fraud, would at least depend upon the superiority of the equities as between him and the creditors. 7 R. C. L. § 393; Newton National Bank v. Newbegin, 74 Fed. 135, 20 C. C. A. 339, 33 L. R. A. 727.

However, in this case, if the allegations in the answer of defendant in error be true, he had never subscribed for stock in the Arizona corporation. His subscription was to stock in a company to be incorporated under the laws of Texas. When he executed the note, it was for stock to be issued by a Texas corporation, and his note, under his previous subscription contract and the representations made to him at the time by the promoters, was payable to a corporation under the Texas laws, and would be without consideration as to the stock of any company not so incorporated. 10 Cyc. 405; Owensboro Seating & Cabinet Co. v. Miller, 130 Ky. 310, 113 S. W. 423.

[3] Defendant in error by his subscription contract agreed to purchase stock in a corporation under the name of "Commonwealth Bonding & Accident Insurance Company, or such other name as may be selected." It was agreed that this company should "be incorporated in pursuance of the laws of the state of Texas." Thereafter a company was incorporated under the laws governing the territory of Arizona, and under the name of Commonwealth Bonding & Casualty Insurance Company. While this company was organized under a name permitted by the contract, it was not organized under the laws of the state of Texas, as agreed, and was not the corporation contemplated by the subscription contract. If defendant in error executed the note sued on, relying on the representation of the promoters that he was purchasing stock in a Texas corporation, as provided for in his subscription contract, same would be without consideration, and it could not be said that he was either a sub-

scriber to the stock or a stockholder in the Arizona company. And, if thereafter nothing occurred which would estop him from denying that he was such stockholder, he would not be liable in a suit for the benefit of creditors of the Arizona company on the note.

We therefore recommend that the judgments of both the district court and the Court of Civil Appeals be reversed, and the cause be remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.