## LUTZ v. THOMPSON. (No. 1570.)

(Court of Civil Appeals of Texas. El Paso. Jan. 31, 1924. Rehearing Denied March 20, 1924.)

**1. Limitation of actions ⬿127(3)—Amended petition correcting description of note held not to present new cause.**

Plaintiff's third amended original petition correcting description of a note described in the original petition *held* not to present a new cause of action.

**2. Bills and notes ⬿487—Allegation of loss of note sued on did not affect cause of action.**

Whether or not the note sued on was lost since filing of original petition, as alleged in an amended petition, *held* immaterial, as its loss formed no part of the cause of action, and would be a fact to be alleged only in the matter of making profert of the note.

**3. Pleading ⬿362(5)—Overruling of motion to strike amended petition held not error.**

Where plaintiff's third amended petition in a suit on a note alleged that the note was filed among the papers of the cause when suit was filed, but subsequently disappeared and was lost, the court did not err in overruling defendant's motion to strike the amendment, accompanied by an offer to prove by his attorneys, in contradiction of the allegations of| the amended petition, that they had not seen filed among the papers the note sued on, and that no such note had been filed, the truth or falsity of the facts alleged in the amendment; the matters therein being proper for determination on trial or by exceptions to pleadings.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Suit by J. W. Lutz against George Thompson. From a judgment of dismissal, plaintiff appeals, and defendant presents cross-assignments of error. Reversed and remanded.

Wright & Harris, of San Angelo, and Howell Johnson, of Ft. Stockton (R. L. Holliday and Turney, Burges, Culwell, Holliday & Pollard, all of El Paso, of counsel), for apppellant.

T. Wesley Hook, of Weatherford, and R. D. Blaydes, of Ft. Stockton, for appellee.

WALTHALL, J. J. W. Lutz brought this suit against George Thompson to recover upon a promissory note in the sum of $2,500, interest and attorney fees, and to foreclose a vendor's lien upon certain lands described. The court sustained a special exception to appellant's third amended original petition, suggesting that a new cause of action was set up in said amendment, and that the new cause of action was barred by the four-year statute of limitations; the appellant refusing to amend, his suit was. dismissed, from which order appellant prosecutes this appeal.

[1, 2] The trial court overruled a motion and certain exceptions of the appellee to the appellant's cause of action, and based thereon appellee presents cross-assignments of error.

On March 8, 1920, Lutz, plaintiff below, filed his original petition, in which he alleged:

"That theretofore, on the 1st day of December, 1913, the defendant, George Thompson, executed and delivered his promissory vendor lien note to the plaintiff in the sum of $2,500, said note bearing date of December 1, 1913, and payable on or before five years from its said date, said note bearing interest from its said date until paid at the rate of 5 per cent. per annum, interest payable annually as it accrued. Said note also provided for an additional 6 per cent. per annum on all past-due and unpaid interest, and also an additional 10 per cent. on principal and unpaid interest if placed in the hands of an attorney for collection, or suit is brought to enforce the collection of the same."

He stated the note was given in part payment of the purchase price of the land described; that petitioner became the purchaser and owner of the note, having purchased same from the legal owner and holder thereof, the Zimmerman Land & Irrigation [Company], on the ——— day of November, 1919, and is now the legal owner and holder of said note; alleged default in its payment; prayed judgment for his damages, stating sum, and foreclosure of the vendor's lien, that purchaser at sale have a deed and writ of possession.

On December 9, 1920, Lutz filed his first amended original petition against Thompson, in which he described the note as in his original petition, except that in the amendment he alleged the note was payable to the order of the Zimmerman Land & Irrigation Company, and alleged that the note "showed that it was a vendor's lien note and secured by all of lots," describing same, and in other portions of the amended petition pleaded practically as in the original.

On September 15, 1923, Lutz filed his second amended original petition, alleging, substantially, the same facts as in the first amendment, except that the rate of interest in the note was stated to be 6 per cent. instead of 5.

On September 15, 1923, Lutz filed his third

---

amended original petition. In the third amendment Lutz sued Thompson, alleging the execution and delivery of the note on the same date as in the original petition and former amendments and for the same amount; that it was made payable to the order of the Zimmerman Land & Irrigation Company, payable in five years, bearing interest from its date at the rate of 6 per cent. per annum, interest payable annually; the remaining allegations as to interest on the past-due interest, attorney fee, and vendor feature, and the description of the lots, the same as in the former amendment; and alleged that the note declared on in the third amendment is the same note declared on in previous pleading; that the previous allegations as to the rate of interest was error; and made other allegations as to the identity of the note and cause of action set up in the third amendment and that set up in the original petition, and made and attached exhibits to his third amendment not theretofore done. The third amended original petition, in addition to allegations previously pleaded, alleged that the note sued on was filed among the papers of the cause at the time the suit was filed, and remained among the filed papers of the cause up to and during the term of court in 1920, but since that time has disappeared from the file and is now lost. The prayer in the third amendment is practically the same as in the former pleadings.

To the third amended petition of appellant, appellee interposed an exception to the effect that it affirmatively appears therefrom that the cause of action therein alleged accrued more than four years before the filing of the said petition, was the statement of a new cause of action, and is barred by the four-year statute of limitations.

The suit on the note and to foreclose the vendor's lien having been filed after its maturity and prior to December 1, 1922, the cause of action pleaded by appellant would not be barred by the four-year statute of limitation, unless it should be held that appellant's third amended original petition set up a new cause of action to the cause of action theretofore pleaded. We have concluded that the third amendment to the original petition does not present a new suit. It was held in Turner v. Brown, 7 Tex. 489, I. & G. N. Ry. Co. v. Irvine, 64 Tex. 533, and Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089, that the statute operates as a bar only when it is sought under the name of another amendment to present a new suit.

The correction by amendment of a mistake in a former pleading in describing a note as to date, amount, description of the property upon which a foreclosure is sought, bring in additional names in a partnership, abandon a portion of a former pleading. a change in the description of parties, a different statement of an account, may assert title differently by amendment; in fact, the test seems to be: Is the amended pleading substantially the same as the former pleading—that is, identical in its essential features? Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455; Mitchell v. Mann (Tex. Com. App.) 255 S. W. 980; Railway v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 283.

In Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707, and often referred to, Judge Brown, speaking for our Supreme Court, stated two chief tests for the solution of the question to a given instance, and said that no new cause of action is set up where the same evidence supports both pleadings, and the allegations of both are subject to the same defenses. Now we have seen that a correction by amendment of the description of a note, in stating the amount of the note differently, is not a suit upon a different note or cause of action, an amendment merely to meet the proof and avoid a variance, but alleged to be identically the same note. Then, with only the corrected description, we have the same note in both pleadings, the same evidence to offer in support of both the pleadings. Whether the note was or was not lost is wholly immaterial to the question presented here, as its loss formed no part of the cause of action, and would be a fact to be alleged only in the matter of making profert of the note. The identity of the note being the same, it follows that it is subject to the same defenses.

The court was in error in sustaining the exception and dismissing the suit.

[3] That brings us to appellee's cross-action.

The defendant, as a paragraph in his "first supplemental answer" to plaintiff's third amended original petition, states:

"He moves to strike out all the following allegations in said third amended petition contained."

Then follows a recitation of plaintiff's petition by paragraphs, beginning with paragraph 3 and continuing through paragraph 7. As sustaining the motion defendant offered to make proof by the attorneys for defendant to the effect and in contradiction to some of the allegations in the third amended petition that they had not seen filed among the papers the note sued upon, and that so far as the witness knew no such note had been filed; and offered to make proof of other matters alleged in the amended petition, and some matters not alleged, and unnecessary to state here. In addition to the above motion the defendant presented a number of exceptions to the third amended petition, other than the exception as to limitation, which exceptions the court overruled. The court, at the suggestion of plaintiff's counsel that the truth or falsity of the facts alleged in the pleading and to which the motion of the defendant was di-

rected were matters to be determined on the trial, or by exceptions to the pleadings, overruled the defendant's motion and refused to hear the evidence offered. To the action of the court in so ruling both on the motion and exceptions, defendant filed assignments of error, and based thereon his cross-assignments of error.

The court was not in error in not sustaining defendant's motion, and refusing to hear the evidence in support of the motion. Nor was the court in error in overruling the exceptions. We need not discuss them in detail.

For reasons stated, the case is reversed and remanded.