## DAVIS v. DORSEY.
### No. 4634.

Court of Civil Appeals of Texas. Texarkana.
Feb. 7, 1935.

E. B. Hendricks, of Fort Worth, and Saye, Smead & Saye, of Longview, for plaintiff in error.

James R. Curtis and Edwin Lacy, both of Longview, for defendant in error.

SELLERS, Justice.

This suit was filed in the district court of Gregg county on January 28, 1933, by John W. Dorsey against Nora C. Davis, administratrix of the estate of Clay Stinnett, deceased, to establish a claim against said estate. The claim is based upon a promissory note dated November 1, 1921, and due one year after date with interest from date at 8 per cent. per annum and providing for 10 per cent. attorney's fees; the principal of the note being $500. It is further alleged that Clay Stinnett made a payment on the note on November 1, 1925, in the sum of $25, and another payment on November 1, 1931, of the same amount, both of which payments were credited on the back of the note.

The defendant answered by general denial, general demurrer, and further pleaded the four years' statute of limitation.

The case was tried before the court without a jury, and resulted in judgment for plaintiff, establishing his claim for the sum of $1,205.90; same being the principal, interest, and attorney's fees due on said note. The defendant has duly prosecuted writ of error to this court.

The trial court in entering judgment for defendant in error over the plaintiff in error's plea of limitation evidently did so on the theory that there had been a valid extension of the date of the payment of said note. This contention, in our opinion, must fail for the reason that neither the pleadings of defendant in error nor the evidence offered by him will support the judgment based upon an extension of the date of payment of the note. It is now the settled law of this state that a valid extension of time of payment of a promissory note is a new cause of action and suit must be upon such extension agreement and not upon the original obligation as was here done. Tex. Jur. vol. 28, § 185, p. 279.

In our opinion no useful purpose could be served by a lengthy review of the evidence offered by defendant in error to support a valid agreement for the extension of the payment of the note, since the case must be reversed for a lack of pleadings to support the judgment based upon such an extension; but we will say that we regard the evidence as insufficient to support a valid extension of the time of payment of the note, irrespective of whether the agreement was made before or after the note became barred by the statute of limitation.

Plaintiff in error insists that since it is apparent from the record that defendant in error's suit is barred by the statute of limitation, she is entitled to have the case re-

344

versed and rendered rather than reversed and remanded. This contention is overruled on the authority of Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247.

The judgment of the trial court will be reversed, and the cause remanded.