### HUNT v. WROE.
### No. 2088.

Court of Civil Appeals of Texas. Waco.
June 1, 1939.

Rehearing Denied June 22, 1939.

W. W. Mason, of Mexia, for appellant.

Reed & Cannon and L. W. Shepperd, all of Groesbeck, for appellee.

ALEXANDER, Justice.

This is an appeal from an order of the trial court overruling plea of privilege. The suit was brought by O. M. Wroe against Ben B. Hunt in Limestone county, where the defendant resided, to recover on certain promissory notes executed by defendant and held by the plaintiff. After the defendant had answered to the merits of the case he moved his residence to Travis county. Shortly thereafter, plaintiff filed his second amended original petition, and thereupon the defendant filed a plea of privilege asserting his right to be sued in Travis county on the ground that the amendment set up for the first time a new cause of action. A trial before the court resulted in judgment overruling plea of privilege. The defendant appealed.

The original petition sought recovery on two notes dated May 26, 1922 for $2,500 each, due three and six months after date respectively, one note dated March 12, 1927 for the sum of $1,850.75, payable on demand, and one note dated December 13, 1922, for the sum of $1,000, payable on de. mand. All of said notes were alleged to bear interest from date until paid. On April 29, 1937, the defendant answered, and, among other things, plead the four year statute of limitations. On June 16, 1937, the plaintiff filed his first amended original petition, alleging the execution and delivery of the same notes, except that the note of date December 13, 1922 was alleged to be

in the sum of $1,033.33, instead of $1,000, as previously alleged, and further alleging that the defendant was indebted to plaintiff on an open account for approximately $500 for money advanced to him between the years 1926 and 1930. In this petition it was further alleged, in effect, that by mutual agreement the parties had from time to time, at intervals not exceeding two years, renewed and extended the above indebtedness, each renewal being for a period of two years. It was specifically alleged that the last renewal took place on March 6, 1934, and at that time said indebtedness was renewed and extended for another period of two years. The defendant answered this pleading, setting up the statutes of fraud in bar of the alleged two year parol extension agreements. On July 1, 1937, defendant permanently removed his residence to Travis county. Thereafter, on November 19, 1937, the plaintiff filed his second amended original petition in which he alleged the execution and delivery of the same notes and asserted an open account for the sum of $1,500 for money advanced between the years 1926 and 1930. In this pleading the plaintiff alleged renewal and extension agreements from time to time, each renewal being for a period of one year, and specifically alleged that the last renewal and extension agreement was entered into on March 6, 1934, and that such agreement renewed and extended the indebtedness for a period of one year from that date. Shortly after the filing of this second amended petition the defendant filed his plea of privilege to be sued in Travis county, the county to which he had removed in the meantime.

The only material question to be determined is whether or not the second amended original petition declares on the same or a different cause of action from that asserted in plaintiff's first amended original petition. This is true because the defendant resided in Limestone county at the time of the filing of the first amended petition, and having appeared and answered to the merits thereof, the trial court acquired venue over the suit, and he would not now be entitled to have the cause transferred to Travis county, even though he moved his residence to that county prior to the filing of the said last amendment, provided said last amendment does not declare on a new cause of action. Various tests have been laid down for determining whether an amendment sets up a new cause of action, but it is generally held that such an amendment

does not set up a new cause of action so long as the cause of action alleged therein grows out of the same transaction and is basically the same or is identical in the essential elements upon which the right to sue is based and upon which defendant's duty to perform is alleged to have arisen. 28 Tex. Jur. 215; Southern Surety Co. v. First State Bank of Marquez, Tex.Civ.App., 54 S.W. 2d 888; City of Orange v. Moore, Tex. Civ.App., 246 S.W. 1099. A careful reading of the two pleadings here under consideration discloses that the only difference is the allegation as to the maturity date of the last renewal agreement alleged to have been entered into on March 6, 1934. It is true that the first amendment alleged several prior renewals, each for a period of two years, whereas the second amendment alleged that these renewals were each for one year only, but this difference as to prior renewals becomes immaterial because the suit must be based on the last valid renewal and not on the original contract nor any prior renewal thereof. 28 Tex.Jur. 279; First State Bank of Eustace v. Bowman, Tex.Civ.App., 203 S.W. 75; Davis v. Dorsey, Tex.Civ.App., 79 S.W.2d 343; Windom v. Howard, 86 Tex. 560, 26 S.W. 483; McNeill v. Simpson, Tex.Com.App., 39 S. W.2d 835. We may therefore disregard the difference in the two pleadings as to prior renewals. It is also true that the first amendment declared on an open account for only $500, whereas the second amendment sought recovery on an open account for. $1,500, but this is not material, for if plaintiff is entitled to maintain his suit in Limestone county on any part of the cause of action, the district court of that county would have venue over the whole suit. 43 Tex. Jur. 771; Warner v. Gohlman, Lester & Co., Inc., 117 Tex. 145, 298 S.W. 890. Each of the pleadings here under consideration sets up the same facts as to the origin of the original obligations to pay, which furnished the consideration for the new promise. Each of them sought recovery for the same debts. Each alleged that the same parties on the same date, to-wit, March 6, 1934, entered into a renewal agreement for an extension of the due date of the old obligations. One of them alleged that the obligations were renewed for a period of two years, whereas the other alleged that the renewal was for a period of one year only. In the case of Mitchell v. Mann, Tex.Com. App., 255 S.W. 980, the Supreme Court had before it a case in which the plaintiff in his original petition set out, as the plaintiff here

did, in detail, the circumstances under which the defendant's obligation to pay arose and then alleged that the defendant had subsequently executed and delivered to plaintiff in payment of said obligation a note dated January 30, 1911 and due January 30, 1915. Subsequent thereto the plaintiff amended his petition, alleging the same facts as to the obligation to pay but alleged that the note was dated June 30, 1911 and due June 30, 1915. The court there held that the amended pleading did not set up a new cause of action. See also Whitehead v. Wicker, Tex. Civ.App., 280 S.W. 604, par. 5; Burton-Lingo Co. v. Beyer, 34 Tex.Civ.App. 276, 78 S.W. 248; Cochran v. Carruth, Tex.Civ. App., 12 S.W.2d 1078, pars. 1–3; First State Bank & Trust Co. v. Ramirez, Tex. Com.App., 126 S.W.2d 16. Under the above authorities, we think it is clear that plaintiff's second amended petition, which merely alleged a different due date of the new promise to pay, did not set up a different cause of action from that which had been asserted in the first amended original petition.

For the reasons above set out, the judgment of the trial court is affirmed.