IlMMi'iiiLL, Cu. J.
The defendant employed the plaintiff to commence and prosecute a suit at law for tiie recovery of some negro slaves, and agreed to-' him a fee of five hundred one hundred dollars as a fee, for which lie liis note. lie executed also another note for three hundred and fifty dollars, a pair of mill stones being taken for fifty dollars, tiie whole amounting to five hundred dollars. Tiie suit was instituted, (tiie petition filed, however, by another attorney,) but before tiie termination of tile suit the plaintiff was elected one of tiie district judges, and tiie suit was prosecuted to-final judgment by Mr. Abbott. Id was in evidence that the plaintiff had been frequently consulted by tiie defendant in reference to the matter in controversy; ami that the consulting and advising in a cause are the most important and valuable duties of an attorney; and that one hundred dollars in such a cause is a very small retaining fee.
The defendant, as'a set-off, filed an account against tiie plaintiff for one hundred and twenty-three dollars and fourteen cents. To this the statute of limitations was set up by tiie plaintiff, and it should have been sustained liad it not been in evidence that the articles, as they were received, were to have been credited on tiie one hundred dollar note, with tiie exception of tiie charge for the syrup, which the witness, who was to have credited tiie note, says lie-did not personally receive. Tiie verdict of the jury was for the defendant in the entire amount of his discount, consequently not allowing- the plaintiff anything for liis services. In this there was error, and the verdict is contrary to the evidence. Contracts of this character are of a divisible nature. If the plaintiff' had voluntarily abandoned the case of his client lie could not have recovered on the note; but if lie had died, and thus been deprived by the act of God of rlie ability to render future services, he would have been entitled to the value of those already rendered, (á Bail. R., 488.) By liis election as judge lie became legally as incapable of rendering further service in the cause as if he liad died a natural death. Tiie law prohibited liim from appearing and pleading- as an attorney in any court of record in tiie State; and for every such offense, under a former law, lie was liable to a penalty of five hundred dollars. But certainly the law did not intend that every attorney elected as judge, should be punished by tiie loss of compensation for services already rendered. That would he a burden which very few could bear, and which tile law does not intend to inflict. The incapacity of the plaintiff to continue liis services arising by operation of law does not affect tiie merits of liis claim for those of which liis client has already had the benefit. We are of opinion, upon tile, evidence, that the plaintiff was entitled to recover upon tiie first note for one, hundred dollars, and this deducted from the defendant’s account would leave due the latter tiie sum of twenty-three, dollars and fourteen cents; and-for this the defendant will have judgment, if the excess be remitted; if not, judgment will be reversed and tiie cause remanded.
Reversed and remanded.
Note 15. — Same ease, 14 T., 43.
Note 10. — Meade v. Rutledge, 11 T., 44; Hassell v. Nutt, 14 T., 260; Nations v. Cudd, 22 T., 550