### KONZ v. PRATT.   (No. 1437.)

(Court of Civil Appeals of Texas. El Paso. March 8, 1923.)

**1. Limitation of actions ⟊146(3) — Indorsement upon note held insufficient to constitute renewal and removal of bar.**

Where defendant made payment in excess of amount due on one of two notes held by plaintiff, and in his own handwriting indorsed the residue upon the other note, but did not sign it, such indorsement did not constitute an acknowledgment of the debt or a renewal of the note and did not remove the bar of limitations, under Rev. St. art. 5705.

**2. Limitation of actions ⟊95(1)—Cause of action for services held not barred.**

Where one performed services for holder of note against him and told her to have his fees applied upon the notes and understood that the notes were credited therewith, the holder of the notes in an action thereon cannot set up the two years' statute of limitations as against his counterclaim for such fees; defendant not learning of plaintiff's failure to make such credits until the year of the action.

Appeal from District Court, Martin County; Chas. Gibbs, Judge.

Suit by Mrs. Florence Konz against S. W. Pratt. Judgment for defendant, and plaintiff appeals. Affirmed.

J. M. Caldwell, of Midland, for appellant. B. Frank Haag, of Midland, for appellee.

HIGGINS, J. Appellant sued appellee to recover upon two promissory notes and to foreclose a deed of trust upon realty securing their payment. The notes were dated March 20, 1917, one being in the sum of $414.56, due two years after date, the other being in the sum of $190.38, due six months after date.

Appellee pleaded limitation in bar of the latter note and also set up a counterclaim for legal services rendered to appellant.

Upon trial without a jury the court sustained the plea of limitation and sustained the counterclaim in part and offset the same against the amount due upon the note payable in two years. After allowing this offset, there remained a balance upon the note of $365.79, for which amount judgment was rendered in appellant's favor with foreclosure of lien.

Appellant presents but two propositions, the first relating to the action of the court in sustaining appellee's plea of limitation.

In reply to the plea of limitation, appellant set up in her supplemental petition the following:

"This plaintiff, further replying to the plea of limitation interposed by the defendant against the note for $190.38 hereinbefore sued on, would with respect show to the court that on or about September 8, 1920, the plaintiff herein received from the defendant herein certain moneys which discharged the remainder of the note for $153 due on demand, referred to in plaintiff's original petition, principal and interest, and left a residue of $34, and that the defendant herein indorsed the credit upon the back of said note September 8, 1920, $34 in his own handwriting, and of his own volition and accord, and that the same constituted an acknowledgment of said debt, and that he is thereby now estopped to claim limitation upon said paper or the remainder due thereon."

[1] Appellee admitted that he indorsed the credit upon the note as pleaded by appellant. It does not appear that such indorsement was signed by appellee. Such indorsement was wholly insufficient to constitute a renewal of the note and remove the bar of limitation. Article 5705, R. S.; Wade v. Sheehan (Tex. Civ. App.) 226 S. W. 446, and cases there cited.

[2] In bar of appellee's counterclaim appellant pleaded the two years' statute of limitation.

Appellee pleaded:

"That he was led to believe by plaintiff, and did believe, that the notes described in plaintiff's pleadings had been credited by plaintiff with his fees and had been completely paid and discharged by such credits; and that said notes were to have been and should have been so credited and discharged, and that the credits should now be placed on said notes and declared paid and discharged. Defendant further alleges that it was not until early in the present year that he learned said credits had not been made

and that plaintiff was claiming upon the notes sued upon."

Upon the trial he testified that when appellant employed him he told her he wanted his fees applied upon his indebtedness, and the understanding at that time was that his notes were to be credited with his fees.

The appellant's second proposition complains of the court's action in not sustaining her plea of limitation against the counterclaim.

This matter presents no error in view of appellee's testimony that it was agreed that the items of his counterclaim should be credited upon his note. Baird v. Ratcliff, 10 Tex. 81; Vernor v. D. Sullivan & Co. (Tex. Civ. App.) 126 S. W. 641.

Affirmed.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes