## STROUD et al. v. TOLAND. (No. 9471.)

(Court of Civil Appeals of Texas. Dallas. Dec. 19, 1925. Rehearing Denied Feb. 6, 1926.)

1. **Limitation of actions ⚌40(1)—Statute held not applicable to claim for damages pleaded defensively merely.**

In an attorney's action on a contract for services, wherein the answer set up failure to perform part of such services whereby defendant was damaged in a stated sum, an exception that such claim for damages was barred by the statute of two and four years' limitation *held* properly overruled; defendant by the answer not seeking affirmative relief but pleading the facts defensively merely.

2. **Attorney and client ⚌135—Defense of nonperformance of services sued for held ineffectual.**

In an attorney's action on a contract for services, a defense that certain suits which were to be instituted as part of such services had not been brought was ineffectual, where defendant by agreement or settlement had put it out of her power to have such proceedings instituted.

3. **Attorney and client ⚌165—Pleading ⚌32 —Contract for legal services should be set out in suit thereon, and facts as to performance alleged.**

An attorney, suing on a contract for services revealing certain duties resting on him to be performed prior to any obligation on defendant's part to pay the fee contracted, must set out the contract in his pleading, and not merely as an exhibit, and must clearly state wherein he performed or was excused from performance.

Appeal from Dallas County Court at Law; W. N. Coombs, Judge.

Action by Ada Stroud and husband against Cassie Toland. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

L. R. Stroud, of Dallas, for appellants.
G. H. Crane, of Dallas, for appellee.

LOONEY, J. This is an action of debt by Mrs. Ada Stroud, joined pro forma by her husband, Lee R. Stroud, against Mrs. Cassie Toland. From an adverse judgment, Stroud and wife prosecute this appeal.

Mr. Stroud was, at the inception of the transactions from which this claim originated, a practicing attorney at Kaufman, Tex., and was employed by Mrs. Toland, who had recently separated from her husband, J. J. Toland, to render certain legal services incident to the separation as disclosed by the written contract entered into at the time, which, after a rather lengthy preamble, reads as follows:

"I hereby employ Lee R. Stroud, of Kaufman, Tex., to sue for and obtain for me a divorce and for custody of the minor children of the marriage, and to advise me and to act, so far as necesary, if anything need be done, or advice need be given about my property, and also if it becomes necessary, to sue for the cancellation of said contract which so conveyed or contracted to convey to said Huffmaster onefourth of all my property; and for all the services of said Stroud, I do hereby, upon mature and careful consideration and upon the advice and counsel of my friends, do hereby promise to pay to said Stroud, of Kaufman, Tex., the sum of $350.00 to. represent me in all matters pertaining to divorce, custody of children, suit for property, partition of property, alimony, injunction, if necessary, and for cancellation of said contract of said Huffmaster should he insist on its remaining in force, and to so remove the same as a cloud from my title, and generally to represent me in any matters connected with said divorce and separation, and here convey to said Stroud, as security, an interest in all of the said community property."

Acting under this employment, Stroud brought suit and obtained for Mrs. Toland a divorce, the custody of her minor children,

and a decree for alimony, also prosecuted successfully a suit for the cancellation of the conveyance to Ross Huffmaster, formerly employed as her attorney in regard to these matters, in which she conveyed to him a one-fourth interest in all and singular her one-half of the real and personal property constituting the community estate of herself and husband. Appellee paid Stroud $50 on this fee, leaving $300 unpaid, which was transferred by him to, and is now owned by, his wife, Mrs. Ada Stroud.

Down to this point there seems to be no controversy between the parties. It appears that no suit was filed by Stroud on behalf of Mrs. Toland for the recovery or for the partition of her community interest in the estate, nor for injunction. His failure to institute and prosecute any of these proceedings is explained as follows: He alleged that soon after the separation of Mrs. Toland from her husband, on the advice of Mr. Huffmaster, the attorney then acting for her, she and her husband effected a friendly settlement of all controversies as to their property, and, in pursuance of this settlement, conveyed to a Mr. Murphy, a banker at Crandall, Tex., in trust, their farm of 180 acres of land constituting their homestead, to be sold by him, and with the proceeds to pay a $4,000 mortgage existing against the land, the remainder to be equally divided between them; and it was furthermore agreed that all properties belonging to the community, the farm, the teams, tools, implements, crops, etc., were to remain in the custody and under the control of the husband, to enable him, with proceeds, rents, revenues, etc., to pay the interest on the farm loan, and other debts, some of which were secured by liens on the personal property, and that, in view of this agreement, entered into in contemplation of separation and divorce, this settlement could not be ignored, and further that appellee was content to permit the property to remain in the custody of her husband on the idea that it was the best possible arrangement that could be made, in view of the condition of the estate, and that, if left in the undisturbed control of the property, he might be able to clear the estate of debt and leave something for division.

The net result of appellants' allegations is that in view of the settlement made between the husband and wife prior to the employment of Stroud, a suit for the property and for partition, or for injunction, was impracticable; that he so advised appellee and she acquiesced in the situation and waived her right under the contract to have him institute any of these proceedings.

[1] After a general denial, appellee answered, at length, that she had not waived the institution of the proceedings above mentioned, did not acquiesce in the undisturbed management and control of the property by her husband; that Stroud was negligent in failing to comply with his contractual obligations in these respects, by reason of which she was deprived of the possession of her property and revenues that would have been collected had she been in possession; that she was unable, as a consequence, to pay interest on the said loan, which resulted in foreclosure and sale of the farm, and also in the loss of all the personal property, to her great damage in the sum of $3,000. In reply appellants urged special exceptions, evidently on the idea that the effect of the answer of appellee was a cross-action for damages. The exceptions are: (a) That the claim for damages urged by appellee was barred by the statute of two years' and of four years' limitation; (b) that the amount of damages alleged by appellee was beyond the jurisdiction of the county court. The court overruled these exceptions, on which appellants assign error.

In our opinion, the court correctly overruled the exceptions, for the reason that appellee sought no affirmative relief by reason of the facts alleged, but pleaded them defensively. The lengthy allegations in regard to the neglect and failure of Stroud to institute and prosecute the proceedings in question presented no issue that was not joined by the general denial, and was, in fact, but an elaboration of the general denial.

Appellants, by appropriate assignment and propositions, challenge the sufficiency of the facts to sustain the findings of the jury and the judgment of the court. The findings of the jury and the judgment of the court seem to be so against the weight and preponderance of the evidence that we are not satisfied with the result attained, and, as the case will be remanded, we deem it improper to make any comment upon the evidence.

In our opinion, the case was not submitted on the material controverted question involved; that is, did Mrs. Toland agree to or acquiesce in the failure of Attorney Stroud to institute proceedings in her behalf for the recovery of her interest in the community estate of herself and husband and for partition, and for such injunctive relief as the situation demanded?

[2] If she did so agree or acquiesce, or if by the settlement with her husband she had put it out of her power to have such proceedings instituted, as claimed by appellants, her defense should fail and appellants should recover. The record presents a case where, in our opinion, a repleader should be required.

[3] Plaintiffs' petition does not allege, in logical and legal form, the facts constituting his cause of action. His suit is upon a written contract, revealing certain duties resting upon him to be performed prior to any obligation on the part of appellee to pay him the fee contracted. He should therefore have set out this contract in his pleading and not merely as an exhibit, and should have clearly stated wherein he performed its obligations or was excused from performance. It is pos-

sible, by gathering here and there from the pleadings, both of the plaintiff and the defendant, allegations sufficient to make a case good on general demurrer; but the court should not be put to the task of wading through the pleadings of both parties in order to determine whether a case is stated. Furthermore, the pleadings of both parties abound in allegations, not simply of facts, but of evidence as well, so arranged as to be argumentative. For these reasons, we suggest the propriety of having this case repleaded in order that the controverted issues of fact may be clearly presented in logical form as is contemplated by the rules of pleading.

Reversed and remanded.