**MASON GIN CO. v. CONTINENTAL GIN CO.**

**No. 1121.**

Court of Civil Appeals of Texas. Waco.

Oct. 22, 1931.

Rehearing Denied Dec. 4, 1931.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Coke & Coke and Thos. G. Murnane, all of Dallas, for appellee.

**BARCUS, J.**

Appellee instituted this suit to recover judgment against appellant on a note given by it in part payment for a cotton gin; said note being secured by a lien on the gin. Appellant for answer pleaded a general denial and then pleaded under oath that the consideration for which the note had been executed had failed in whole or in part, and that the cotton gin for which it was given was not of the kind or character represented, and it set out certain material representations that it claimed were made by appellee at the time it purchased the cotton gin which it alleged it relied on and which were in fact false and fraudulently made, and alleged that the cotton gin, with its equipment, was worth at least $5,000 less in the condition it was in than it would have been if it had been in the condition it was represented to be in at the time it purchased same from appellee. Appellant asked for damages against appellee for its losses, or, in the alternative, that the note sued on by appellee be credited to the extent of the failure of the consideration. The trial court sustained a special exception, in its nature a general demurrer, to all of appellant's answer and cross-action. Appellant then filed a trial amendment, supplementing paragraph 8, which related to a portion of its plea of failure of consideration, and setting out more in detail alleged defects, and the trial court sustained appellee's special exception No. 3 thereto as contained in its second supplemental petition which was in its nature a general demurrer to appellee's trial amendment and his original answer in toto, and thereby again struck out every alleged defense of appellee. The court then, upon the evidence offered, entered judgment for appellee for the amount sued for, together with a foreclosure of its lien on the property securing same.

■ Appellant's sole proposition in this court is that the trial court erred in sustaining appellee's exception to that portion of its answer which set up a failure of consideration as a defense against the note sued on. We sustain this proposition. We gather from the record that the trial court sustained the special exceptions, striking out appellant's answer, on the ground that all of the defensive pleas were barred by the two-year statute of limitation; the gin having been purchased in September, 1926, and the suit having been filed in December, 1929, and the amended answer and cross-action having been filed in October, 1930. The law seems to be well settled that, as between the original payor and payee in a note, there is no limitation against the right of the payee to defeat its payment by reason of the failure of the consideration in whole or in part for which it was executed. Mason v. Peterson (Tex. Com. App.) 250 S. W. 142, par. 10, 146; Stroud v. Toland (Tex. Civ. App.) 279 S. W. 609; McNeese v. Page (Tex. Civ. App.) 29 S.W.(2d) 489 (error dismissed); Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815, 817.

In the case of Mason v. Peterson, supra, the court said: "If he [the payee] has not paid the consideration and seeks no affirmative relief, he is entitled to an abatement in the amount

of his obligation to the extent of his injury, whenever his vendor or a holder of his obligation charged with notice of the fraud or mistake seeks to enforce payment of that obligation. * * * And when the relief sought is only by way of defense to defeat in whole or in part the obligation for the purchase, it is not affected by statutes of limitation."

In the case of Rutherford v. Carr, supra, the court said: "There is no statute of limitation which prescribes a bar to the proof of a fact material to sustain or defeat a cause of action or defense."

In this case appellant in its original amended answer pleaded rather fully what it claimed constituted a partial failure of consideration of the note sued on, and, after the answer in its entirety was stricken in response to the exceptions made by appellee, appellant then amended paragraph 8 of its answer by a trial amendment, and the trial amendment as well as the original answer was stricken out on an exception presented by appellee. Unquestionably appellant is entitled to show, if it can, that the consideration for which the note sued on was given to appellee has failed either in whole or in part. Nations v. Thomas, 25 Tex. Sup. 221. It was error for the trial court to strike this portion of appellant's answer.

Appellee contends that, since the trial amendment filed by appellant revealed the fact that appellee gave a written warranty which "warranted the machinery to be well made, of good material and to perform well if properly installed and operated by competent persons," and that since said warranty further provided "that ten days use of the machinery will be conclusive evidence of fulfillment of warranty and acceptance," it absolutely prohibited appellant from any recovery by reason of any false or fraudulent misrepresentations relative to the kind or character of the machinery in question. Appellee further contends that said warranty absolutely prohibited appellant from defeating the payment of the notes sued on by reason of any partial failure of consideration. We do not agree with these contentions of appellee.

If appellee, through fraud, deceit, and misrepresentations, induced appellant to receive and accept the gin and execute its notes under the warranty given, appellant could either sue for damages occasioned by the fraud perpetrated or on the written warranty. He would not be limited to his action on the written warranty. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873; Avery Co. of Texas v. Harrison County (Tex. Com. App.) 267 S. W. 254; Stark v. George (Tex. Com. App.) 252 S. W. 1053; Estes v. McWhorter (Tex. Civ. App.) 182 S. W. 887; Nunn v. Brill-

hart (Tex. Com. App.) 242 S. W. 459. If appellant had based its defense entirely upon the written warranty, then it would be limited thereto. Appellant, however, specifically pleaded that the notes were obtained by false and fraudulent representations perpetrated upon it and which it believed to be true and but for which it would not have executed the notes, and then in the alternative pleaded that appellee had given its written warranty. We think it was error for the trial court to sustain the special exceptions, which were in effect general demurrers, to appellant's amended answer and trial amendment. 24 R. C. L. 339; 35 Cyc. 368; Williston on Sales, § 197.

The judgment of the trial court is reversed.