**DALLAS JOINT STOCK LAND BANK v. SNEED et al.**

No. 13316.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 14, 1936.

Chas. S. McCombs, Wm. Andress, Jr., and Searcy L. Johnson, all of Dallas, for plaintiff in error.

Mann, Irion & Mann and M. R. Irion, all of Dallas, for defendants in error.

DUNKLIN, Chief Justice.

The Dallas Joint Stock Land Bank of Dallas, a private corporation organized and functioning under the laws of the United States with its principal office in Dallas, Tex., instituted this suit to recover an alleged balance due on a certain promissory note for the principal sum of $4,400, dated February 1, 1923, executed by J. T. Sneed, Jr., and wife, Zella Sneed, payable to the plaintiff in 65 equal semiannual installments of $154 each and one last installment of $128.61, with interest at the rate of 6 per cent. per annum; such method of payment being on the amortization plan and in accordance with the amortization tables provided by the Federal Farm Loan Board. The note provided that all past-due installments should draw interest at the rate of 8 per cent. per annum, and, if default is made in any payment, the holder of the note should have the option to declare the remaining principal and interest thereon immediately due and payable and foreclose the lien given to secure its payment. The note was secured by a deed of trust executed by the makers on two tracts of land situated in Cottle county, Tex., and was duly recorded in the deed records of that county.

It was alleged that on the 8th day of December, 1924, the property was purchased by B. H. Porter from J. T. Sneed and wife, and that the purchaser assumed payment of the note with interest as a part of the consideration for the deed to him. It was further alleged that on December 23, 1924, Mrs. Georgia Beal Barton purchased the same land from B. H. Porter, and in consideration therefor assumed payment of the note.

It was alleged that default had been made in the payment of the four installments of $154 each, due, respectively, January 1, 1932, July 1, 1932, January 1, 1933, and

July 1, 1933; that plaintiff had exercised its option to declare all the unpaid balance of the note due, and a personal judgment was sought for such unpaid balance, amounting to $3,808.91, as of July 1, 1933, plus interest at the rate of 8 per cent. per annum.

Personal judgment was sought against the makers of the note and against B. H. Porter and Mrs. Georgia Beal Barton, all of whom are made parties defendants.

J. B. Sneed, C. C. Renfro, R. W. Renfro, the Great Southern Life Insurance Company, a corporation, Lewis Cummings, Julius Cummings, and Jack Stinson were also made parties defendants upon allegation that they were claiming some interest in the land, the exact nature of which was unknown to the plaintiff. Foreclosure was sought against all the defendants.

There were several defenses and cross-actions pleaded by the different parties, but the only issues to be determined on this appeal are involved in the pleading filed by the defendants J. T. Sneed, Jr., Mrs. Georgia Beal Barton, B. H. Porter, and J. B. Sneed, praying for a decree allowing them $4,053.83 as an offset or credit on any indebtedness found to be owing by them to the plaintiff. As a basis for the right to such offset, defendants alleged:

"Answering further herein, these defendants say that on or about the 1st day of February, 1923, the plaintiff bank, acting by and through its duly and legally qualified and authorized agent and President H. W. Ferguson and its duly and legally qualified agent and vice-president W. L. Roots, entered into an oral agreement with the defendant J. B. Sneed, whereby and whereunder this bank agreed that for and in consideration of the defendant J. B. Sneed securing farm loans for said bank that said bank would credit on notes and the interest installments thereon, to be designated by J. B. Sneed, one per cent (1%) of the principal of said loans secured by the said J. B. Sneed for the plaintiff bank. That J. B. Sneed requested that said credits of one per cent be placed on the note sued on herein and on other notes. That plaintiff bank agreed to apply said one per per cent credit on said note and the interest installments thereon, when, as and if a default was made in the payment of the installments, until the one per cent credit due to the defendant J. B. Sneed under said agreement was exhausted.

"That pursuant to, and acting on said agreement, the defendant, J. B. Sneed, secured, and the plaintiff bank accepted, the following loans: [Here follows an itemized list of the loans, the principal of which aggregated $203,700.]"

In its supplemental petition filed, plaintiff urged a general demurrer and special exceptions invoking the statutes of limitation of two and four years to each and all of the items made the basis of the plea of offset.

In a trial amendment filed by defendants J. T. Sneed, Jr., Mrs. Georgia Beal Barton, B. H. Porter, and J. B. Sneed, on October 30, 1934, in reply to plaintiff's supplemental petition, the following allegations were made: "That the defendants, and each of them, have paid the plaintiff bank all of the indebtedness sued upon, and in the alternative, these defendants, and each of them, say that no part of the indebtedness sued upon was in default; that none of the installments of principal or interest in the instrument representing said indebtedness were in default or unpaid at the time this suit was filed, and that all of said installments on both principal and interest had been paid, both down to the time this suit was filed, and down to the date of the filing of this trial amendment."

Following are special issues with findings of the jury thereon:

"1. Do you find and believe from a preponderance of the evidence that the plaintiff bank, acting by and through its President, Hugh Ferguson, told the defendant J. B. Sneed, in the year 1923, that the plaintiff bank would pay him the regular commission of one per cent for any and all loans that he secured for the plaintiff bank? Answer: Yes.

"1-A. Do you find and believe from a preponderance of the evidence, that said commissions were to be credited on the note sued on in this case, if, as and when, said note became delinquent? Answer: Yes.

"2. Do you find and believe from a preponderance of the evidence that the defendant, J. B. Sneed, secured the loan made by the plaintiff bank to J. R. Craig, on or about the 31st day of March, 1923, in the sum of $50,000.00? Answer: Yes."

"4. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan

made by the plaintiff bank to E. T. Davis on or about the 15th day of February, 1923, in the sum of $5,000.00? Answer: Yes.

"5. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to E. T. Davis on or about the 1st day of March, 1923, in the sum of $26,000.00? Answer: Yes."

"11. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to B. H. Porter on or about the 1st day of March, 1923, in the sum of $6,000.00? Answer: Yes.

"12. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to B. H. Porter on ur about the 1st day of March, 1923, in the sum of $11,000.00? Answer: Yes.

"13. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to B. H. Porter on or about the 1st day of March, 1923, in the sum of $3,500.00? Answer: Yes.

"14. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to B. H. Porter on or about the 1st day of March, 1923, in the sum of $3,500.00? Answer: Yes.

"15. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to B. H. Porter on or about the 1st day of March, 1923, in the sum of $5,500.00? Answer: Yes."

"18. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by plaintiff bank to Lenora Atwell on or about the 15th day of January, 1923, in the sum of $3,500.00? Answer: Yes.

"19. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to Lenora Atwell on-or about the 15th day of January, 1923, in the sum of $7,000.00? Answer: Yes.

"20. Do you find and believe from a preponderance of the evidence that the defendant J. B. Sneed secured the loan made by the plaintiff bank to G. B. Barton on or about the 1st day of July, 1923, in the sum of $4,000.00? Answer: Yes.

"21. Do you find and believe from a preponderance of the evidence that the defendant J. T. Sneed, Jr., signed the note sued on herein without receiving any value therefor, and for the purpose of lending his name to J. B. Sneed? Answer: Yes.

"22. Do you find and believe from a preponderance of the evidence that the plaintiff bank knew that J. T. Sneed, Jr., signed said note without securing any value therefor, and for the purpose of lending his name to J. B. Sneed? Answer: Yes.

"23. Do you find and believe from a preponderance of the evidence that the defendant J. T. Sneed, Jr., knew or consented to the postponement of foreclosure agreement about June, 1933? Answer: No.

"24. Do you find and believe from a preponderance of the evidence that J. B. Sneed at the time he gave the plaintiff bank the check for $2,010.00, on July 1, 1927, instructed the plaintiff bank to credit the note sued on in this case with $404.00? Answer: Yes.

"25. Do you find and believe from a preponderance of the evidence that J. B. Sneed, at the time he gave the plaintiff bank the check for $885.51 on January 15, 1932, instructed the plaintiff bank to pay the note sued on in this case, up to said date? Answer: Yes.

"26. Do you find and believe from a preponderance of the evidence that the plaintiff bank, acting by and through its president Hugh Ferguson, told J. B. Sneed to get some other person to sign said note, and that the bank would look solely to the land and to J. B. Sneed for payment of the note? Answer: Yes.

"27. Do you find and believe from a preponderance of the evidence that the defendant J. T. Sneed, Jr., relied on the above representation at the time he signed the said note? Answer: Yes."

The loans which the jury found were procured by J. B. Sneed aggregated $125,000, and 1 per cent. thereof amounted to $1,250, all of which and the dates thereof were alleged in defendants' answer.

Plaintiff's original petition was filed September 25, 1933, which was within the two-year period next ensuing after each of the installments mentioned in the petition matured. And in plaintiff's amended petition, on which trial was had, plaintiff alleged that, by reason of default in pay-

ing those installments, it had exercised its option to declare all the later installments due, and to sue to recover therefor with foreclosure of lien given to secure them.

The judgment, bearing date of October 29, 1934, recites the findings of the jury followed by this decree:

"It is, therefore, ordered, adjudged and decreed that plaintiff recover nothing by its suit, the defendants, J. T. Sneed, Jr., Georgia Beal Barton, H. B. Porter, and J. B. Sneed, recover nothing by their cross action over against plaintiff and that said defendants take nothing by their cross action over against C. C. Renfro and R. W. Renfro.

"And whereas the jury found that the defendants J. T. Sneed, Jr., Georgia Beal Barton, B. H. Porter and J. B. Sneed are entitled to credits in the sum of $1250.00 for commissions earned by defendant J. B. Sneed, and the jury further found a further credit of $250.00 paid plaintiff on the 1st day of July, 1927, which should have been applied as a credit on said note.

"Now, therefore, it is ordered, adjudged and decreed that the note sued on herein, being a negotiable promissory note signed by J. T. Sneed, Jr., dated February 1, 1923, payable to the order of the Dallas Joint Stock Land Bank of Dallas in the principal sum of $4400.00, payable in 65 equal semiannual installments of $154.00, and one last installment of $128.61, with interest at the rate of six per cent (6%) per annum, be and it is hereby credited with the said sum of $250.00 to be applied as follows:

"$154.00 as of January 1st 1932

"$96.00 as of July 1st 1932.

"It is further ordered, adjudged and decreed that said note be credited out of $1250.00 and it is hereby credited with the sum of $674.00 to be applied as follows:

"$58.00 as of July 1st 1932

"$154.00 as of Jan. 1st 1933

"$154.00 as of July 1st 1933

"$154.00 as of Jan. 1st 1934

"$154.00 as of July 1st 1934.

"It is further ordered, adjudged and decreed that the defendants, Georgia Beal Barton and J. B. Sneed be placed in possession of the following described property situated in Cottle County, Texas; [Here follows description of the property as shown in the deed of trust.] * * *

"It is further ordered, adjudged and decreed that all costs be adjudged against the plaintiff for which let execution issue."

It thus appears that, after application made by the court of credits found by the jury, there remained $576 out of the $1,250 commissions earned by J. B. Sneed which the court did not apply as further credits.

■ J. B. Sneed was never liable on the note or any part thereof, and plaintiff did not seek a personal judgment against him therefor, nor did he assert any interest in the property covered by the mortgage. The agreement of the plaintiff to allow credits on the note for commissions earned by him was for the benefit of the makers of the note only; and, when those commissions were earned under the agreement as found by the jury, the makers of the note were entitled to credits therefor on their note as of the dates when the commissions were earned, the same as if payments had been made on the note in like amounts in money.

■ Under the doctrine of equity, credits for the commissions found by the jury as well as for the $250 paid by J. B. Sneed will be applied by the court on the note in controversy, to the exclusion of plaintiff's plea of limitation urged thereto. While the right to those credits was urged in the answer of defendants as a cross-action and plea of estoppel, it was essentially a defensive plea of payment or offset, and not a cause of action, and therefore plaintiff's plea of limitation was not applicable thereto. 28 Tex.Jur. § 53, p. 134, and decisions cited in support of the text. We quote the following from the syllabus of the opinion in Baird v. Ratcliff, 10 Tex. 81: "Where the payor of a note delivers articles to the holder, upon agreement that they shall be credited upon the note, the statute of limitations does not run against the rights of the payor, and this too notwithstanding the articles be pleaded in set-off instead of payment."

A like holding was made in Vernor v. D. Sullivan & Co. (Tex.Civ.App.) 126 S. W. 641, and Konz v. Pratt (Tex.Civ.App.) 249 S.W. 258. See, also, 37 C.J. § 149, p. 804; 17 R.C.L. § 112, p. 745.

Hence assignments of error to the rejection of plaintiff's plea of limitation to the allowance of those credits are overruled.

■ Findings of the jury, in substance, that J. T. Sneed, Jr., signed the note in suit

for the purpose of lending his credit to J. B. Sneed, and that the president of the bank told J. B. Sneed to get some other person to sign the note and the bank would look solely to the land and him, J. B. Sneed, for payment of the note, and that J. T. Sneed, Jr., relied on that statement at the time he executed the note, furnish no lawful defense to plaintiff's suit, in the absence of any plea of fraud, accident, or mistake as a basis therefor. Nor was the judgment of the trial court based on those findings.

Accordingly, the judgment of the trial court denying plaintiff any recovery on the note as a whole is reversed; and judgment is here rendered allowing the credits found by the jury and applying portions of the same as did the trial court to the satisfaction of the installments maturing up to and including July 1, 1934, and allowing a further credit of $576 on installments maturing from and after July 1, 1934, according to the terms of the note, and abating the suit for those installments, but without prejudice to the rights of plaintiff to demand and sue for the same in accordance with the terms of the note, including the right of acceleration of due dates thereof, and without prejudice to its right of foreclosure of the lien given therefor. Defendants have the right to such application of credits to installments, since plaintiff has refused to recognize and apply the same on the note held by it. Disposition of cross-actions made by the trial court is left undisturbed.