SHAMBAUGH v. ANDERSON.

No. 2909.

Court of Civil Appeals of Texas. Beaumont.

March 12, 1936.

Rehearing Denied April 8, 1936.

W. H. Graham, of Houston, for appellant.

W. J. Townsend, S. H. Townsend, and N. D. Wright, all of Lufkin, for appellee.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellant and appellee. On the 12th day of June, 1929, appellee, Mrs. M. M. Anderson, executed a contract in writing, creating a lien against certain property owned by her in the city of Lufkin, to secure appellant for the cost of paving the street in front of her property, paving ordered by the city of Lufkin; afterwards the city of Lufkin duly issued its paving certificate to appellant against appellee in the principal sum of $523.66, due one, two, three, and four years after date. Appellee defaulted in the payment of this certificate, and appellant, having accelerated the payments by the option given him under the contract, instituted this suit against appellee on the 23d day of November, 1930, praying judgment for the principal amount of the certificate with interest, attorney's fees, and costs of suit, and with foreclosure of his contract lien. On the 12th day of December, 1934, appellee filed her original answer, consisting of a general demurrer, special exceptions, general and special denial, and the following special plea:

"For further answer herein, the said defendant says that the contract for the paving of the street of Lufkin involved in this suit, the ordinance of the City of Lufkin, authorizing and directing its paving, among other things, provided that said street should be paved with a concrete paving upon a rock basis, in the manner and with the materials mentioned in said contract for paving, of certain character and mixture of materials, of specified thickness, and other conditions and obligations as shown by said ordinance of the City of Lufkin, authorizing the paving, as aforesaid, which were valid and binding upon the plaintiff herein, who had notice of said contract, besides, who had actual, as well as constructive notice, of the conditions and terms of the same, and were conditions to be kept and performed by said contractor; that said paving was not constructed upon said street in the manner with the materials required and in the manner specified in said contract; that there was a material deviation therefrom, in that the kind of quality of the materials used in said paving were not of the quality contracted, but were of an inferior grade; that the thickness of the concrete paving upon said street was not placed thereon in accordance with the terms of said contract, but of an inferior material and much less thickness of paving as called for by said contract; that said work was of an inferior shoddy grade and workmanship, all of which were a material deviation from said contract, to the injury and detriment of said paving thus placed upon said street, which failure to comply with the terms of said paving contract by the contractor releases the defendant from the terms thereof, and for which she would not be liable in any manner whatsoever, all of which she prays judgment of the court."

By supplemental petition appellant replied to this special plea by general demurrer, general denial, and by plea of the statute of limitation of two years. The following questions were submitted to the jury by the court's charge, answered as indicated:

## "Special Issue No. 1

"Do you find from a preponderance of the evidence that there was not a substantial compliance with the contract in question by Scott Shambaugh?" Answer: "Yes."

## "Special Issue No. 2

"What do you find from a preponderance of the evidence is a reasonable fee for attorney's fees for plaintiff in this case?" Answer: "$75.00."

## Opinion.

■ Though it was more than two years after appellant instituted his suit before appellee filed her original answer, pleading his failure to perform and his failure to execute his contract, her defense was not subject to the statute of limitation of two years. Under Limitation of Actions, § 53, 28 Tex.Jur. p. 134, it is said: "It is settled by many decisions that the statute of limitations is not applicable to matters set up strictly by way of defense * * * and, in an action upon a contract an answer setting up the failure of the plaintiff to perform is not subject to exception on the ground that the defense is barred by limitations."

In Stroud v. Toland (Tex.Civ.App.) 279 S.W. 609, 610, where the defense was, as in this case, the failure of the plaintiff to perform, in holding that the statute of limitation had no application, the court said: "In our opinion, the court correctly overruled the exceptions, for the reason that appellee sought no affirmative relief by reason of the facts alleged, but pleaded them defensively. The lengthy allegations in regard to the neglect and failure of Stroud to institute and prosecute the proceedings

532

in question presented no issue that was not joined by the general denial, and was, in fact, but an elaboration of the general denial."

 The evidence was sufficient to support the verdict of the jury answering question No. 1. The paving contract called for a concrete base of "five inches deep"; quoting from appellant's brief: "The undisputed proof showed that the concrete base was only four inches thick. That is conceded for the purpose of this argument." The point made by appellant is that appellee failed to show what the contract called for on this specification. The evidence was clear that the contract under which appellee's property was improved called for "a concrete base of five inches deep."

 On the 15th of July, 1929, the city of Lufkin accepted the paving in front of appellee's property as being in compliance with appellant's contract, and duly issued this certificate. There was no pleading by appellee that the city of Lufkin acted in fraud of her rights in accepting the paving and issuing the certificate; nor was there any pleading that appellant fraudulently induced the city of Lufkin to accept the paving. On this point of pleading this court said, in Uvalde Rock Asphalt Co. v. Langham, 68 S.W.(2d) 646, 647: "In order to defeat a personal judgment in this case appellee was required not only to plead and prove that the paving was not laid in actual or substantial compliance with the paving contract, but also that the city of Beaumont acted in fraud of his rights in accepting the work and issuing the certificate. Berwind v. Galveston & H. Inv. Co., 20 Tex.Civ.App. 426, 50 S.W. 413; Herring v. City of Mexia (Tex.Civ.App.) 290 S.W. 792; Fisher v. Whitham & Co., 120 Tex. 516, 39 S.W.(2d) 869, 79 A.L.R. 1095; Blome Co. v. Herd (Tex.Civ.App.) 185 S. W. 53; Clark v. Pearson & Co. (Tex.Civ. App.) 26 S.W.(2d) 382."

We do not determine the point whether or not the evidence was sufficient to raise that issue; for, as said by us in the Langham Case: "Proof without pleading is as ineffectual to support a judgment as pleading without proof." It does not avail appellee that this issue was not sent to the jury because, as it was not pleaded, it was not in the case. It follows, of course, that the court erred in submitting issue No. 1 to the jury, over appellant's exception that the issue thus submitted was not raised by the pleadings.

For the error indicated, the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.