## TYRRELL COMBEST REALTY CO. v. ELLIS.

### No. 3432.

Court of Civil Appeals of Texas. Beaumont.

April 13, 1939.

Rehearing Denied April 26, 1939.

King & Rienstra, of Beaumont, for appellant.

W. D. Gordon, William T. Butler, and Gilbert T. Adams, all of Beaumont, for appellee.

WALKER, Chief Justice.

Judgment below was for appellee, Mrs. J. O. Ellis, against Tyrrell Combest Realty Co., appellant, for the title and possession of Lot No. 27, Block No. 1 of Wescalder Subdivision in Jefferson County, containing 4.05 acres of land. The facts are as follows:

On the 18th day of August, 1924, by an instrument in writing, appellant contracted to sell to appellee the lot in controversy and, upon payment by her of the purchase price, to execute to her "a general warranty deed conveying said land free and clear of all encumbrances." By the contract appellee agreed to pay appellant for this land $1,692—$80 in cash and the balance in monthly installments of $20. Appellee paid on the contract until December 1, 1930, at which time she had paid all sums due on the purchase price except $312. She made no further payments and appellant made no demand for payments until the 28th day of February, 1935, when it wrote her a letter canceling the contract on the ground of her default in the payments, but offering to reinstate the contract on the condition that she make a substantial payment within ten days. On receipt of that letter, appellee filed this suit, alleging that appellant had breached its contract of sale and had caused her to suffer damages in excess of the balance due on the contract. Appellant answered by general denial, pleas of limitation, etc. The judgment granted appellee one of the alternative reliefs prayed for.

We shall pretermit a discussion of the assignments of limitation except as to the damages claimed by appellee for breach of the condition of the contract whereby appellant bound itself to execute to her upon payment of the purchase price "a general warranty deed conveying said land free and clear of all encumbrances." On the date of the execution of the contract, Lot No. 27 was burdened with an easement in favor of Jefferson County Drainage District No. 6; by the contract appellant bound itself to deliver appellee a title free of that easement, which it did not do and which it made no effort to do. After the execution of the contract, the Drain-

age District entered upon the property, dug its ditches, and for that purpose—for the bed of the ditch and for dumping ground—appropriated more than one acre of the land. At least as to that one acre appellant breached its contract and caused appellee to suffer damages to the value of the land appropriated. By the contract appellee was bound to pay in excess of $400 per acre for the land; she bought the land for a fig orchard—the Wescalder Subdivision consisted of a large tract of land cut by appellant into small subdivisions as fig orchards. There is no suggestion in the record that the acre of land appropriated by the Drainage District was not of equal value with the balance of Lot No. 27. It follows on the statement made that appellee's loss by reason of the breach by appellant of its contract in failing to deliver to her a title "free and clear of all encumbrances" exceeded the balance due under the contract as of December 1, 1930. This element of damage was not within the bar of the statutes of limitations. Judge Harvey, writing for the Commission of Appeals in Morriss-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313, 314, made the following statement of the rule of limitation on the point in issue:

"It is the law of this state that where the subject-matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation of the plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434. *On the other hand, if the subject-matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or in abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply.* Mason v. Peterson, Tex.Com.App., 250 S.W. 142." (Italics ours).

The failure by appellant to deliver appellee a title "free and clear of all encumbrances" constituted a defense "of an intrinsically defensive nature." See, also, 28 Tex.Jur. 134, cited by this court in Shambaugh v. Anderson, 92 S.W.2d 530; Mason Gin Co. v. Continental Gin Co., Tex.Civ. App., 43 S.W.2d 955; Stroud v. Toland, Tex.Civ.App., 279 S.W. 609.

The issues of damage plead by appellee in abatement of the balance due on her contract, not discussed by us, though established as a matter of law by the undisputed evidence, subject to appellant's assignments of limitation, are summarized as follows by her in her brief:

"(1) Defendant's failure to cultivate one acre of her land each year for a period of two years as provided in her contract, which amounts to two hundred and two dollars ($202.00).

"(2) Defendant's failure to shell the road south of and abutting plaintiff's lot for a thousand feet.

"(3) Defendant's act of appropriating 11,717 pounds of figs belonging to plaintiff.

"(5) Defendant's appropriation of her figs produced in 1929."

Since as a matter of law the damages suffered by appellee on the issue discussed exceed the balance due under her contract, the issue of limitation as it relates to these additional items of damage becomes immaterial.

On all the facts judgment was properly rendered for appellee for the land in controversy.

Affirmed.