## HINDS v. BIGGS.
## No. 5166.

Court of Civil Appeals of Texas. Amarillo.

June 3, 1940.

Rehearing Denied July 1, 1940.

Joseph H. Aynesworth and K. H. Dally, both of Borger, for appellant.

H. H. Cooper, of Amarillo, for appellee.

JACKSON, Chief Justice.

The record shows that the Pharis Oil Company, a Texas corporation, owned an oil and gas lease on certain land, hereafter described, situated in Hutchinson County, Texas. E. R. Biggs and C. M. Humphrys were the owners of all the capital stock of said corporation save and except a nominal share owned by L. B. Cox. The Pharis Oil Company, acting by its president, E. R. Biggs, its vice president, C. M. Humphrys, and its secretary, L. B. Cox, called first party, and E. R. Biggs and C. M. Humphrys as individuals, designated as second parties, entered into a contract on December 26, 1929, with Clem Hinds, called third party, the terms and provisions of which material to a disposition of this appeal are as follows:

"Whereas, first party is the owner of a certain oil and gas lease upon the following described lands, to-wit:

"The Northwest One-Fourth (NW¼) of the Southwest One-Fourth (SW¼) of Section Fourteen (14), Block Y, in Hutchinson County, Texas, together with the personal property now located upon said lands, and

"Whereas, first party and second parties desire to sell and third party desires

to purchase the same upon the terms and conditions as hereinafter set forth.

"Now, therefore, for and in consideration of the sum of Thirty Five Thousand and Ten ($35,010.00) Dollars paid and to be paid as follows, to-wit: the sum of Ten ($10.00) Dollars cash, the receipt whereof is hereby confessed and acknowledged by parties of the first and second part, and the further sum of One Thousand ($1000.00) Dollars on or before February 1, 1930, and a like amount on the first of each month thereafter, together with interest at the rate of Eight Per Cent (8%) per annum upon each of said payments, the interest upon the first twelve monthly instalments being payable as each of said instalments mature, and the interest upon the amount of principal remaining unpaid thereafter being payable at the expiration of said twelve months period.

"For the purpose of buying additional equipment and furnish labor necessary to equip said lease with needed improvements, first and second parties agree that they will furnish the sum of Two Thousand ($2,000.00) Dollars, and which sum to be advanced by first and second parties shall be not to exceed the sum of One Thousand ($1,000.00) Dollars during the month of January, 1930, and not to exceed the sum of One Thousand ($1,000.00) Dollars during the month of February, 1930. In the event the full sum of Two Thousand ($2,000.00) Dollars is not required for the placing of said lease on a profitable basis, then the said first and second parties will credit the notes of the third party for the difference between the said sum of Two Thousand ($2,000.00) Dollars and the amount necessary or used by third party in placing said lease on a profitable basis.

\* \* \*

"When third party shall have paid or caused to have been paid to first and second parties the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars, together with all accumulated interest thereon, first and second parties agree that they will deliver to third party a good and merchantable title to said above described property, and for that purpose will execute to said third party, or his nominee, such conveyances and assignments as shall be necessary to invest said party with good and merchantable title to said property. \* \* \*

"The conveyance herein provided for shall be made subject to the One-eighth royalty interest due the land owner, and subject to the balance due to first and second parties in the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars, and which sum shall be secured by a vendor's lien, chattel mortgage lien and other lien necessary to assure and secure the prompt payment of the balance due under the terms of this contract; \* \* \*

"It is further understood that any and all equipment of any and every kind placed upon said lease by third party shall become a part of the property and the superior title thereto shall remain in first and second parties until the sum of Thirty Five Thousand ($35,000.00) Dollars agreed to be paid herein shall have been paid in full; third party shall not permit any lien, or liens, of any nature to be placed against said premises or any part thereof, and in no event shall the said first and second parties be or become responsible for any sum, or sums, for labor, supplies, taxes or any other item except the sum of Two Thousand ($2,000.00) Dollars as above provided for.

"In the event third party shall default in the performance of any of the terms and conditions as herein provided, then and in that event all right conveyed or contracted to be conveyed to said third party in and to said premises shall cease and terminate, and first and second parties shall have the right to re-enter and repossess said premises without process of law and retake and rehold the same as in their former estate, and third party shall quit and deliver up said premises to said first and second parties."

On December 30, 1938, the plaintiff, E. R. Biggs, instituted this suit in the District Court of Hutchinson County against the defendants, Pharis Oil Company, H. F. Cypher and Clem Hinds to have the corporation dissolved, its properties adjudged to him as the only stock holder; asked that a writ of execution issue and the property be restored to the possession of plaintiff, and in an amended petition asked that the temporary injunction theretofore issued be perpetuated restraining the defendants from interfering with the enjoyment, occupancy and possession of the premises by plaintiff.

He alleged that the Pharis Oil Company had failed to pay its franchise tax

and forfeited its charter to do business on July 2, 1932; that he had acquired all the capital stock of said company; that Clem Hinds failed and refused to pay the $17,500 and the $35,000 in accordance with the provisions of the contract; that he and his predecessors agreed to advance not exceeding $2,000 with which to buy and install additional equipment needed on said lease; that Clem Hinds promised to operate the wells efficiently and use his best efforts to increase the production on the lease; that Hinds took possession of the property under the contract, had never paid exceeding $12,000 thereon and had repudiated the agreement; that by virtue of the breach, default and repudiation of defendant Hinds and the acquisition of the entire stock plaintiff is entitled to a decree adjudging to him possession of the premises for which he has made demand; that the contract stipulated upon default plaintiff and his predecessors should have the right to re-enter and repossess the premises; that the defendant would surrender the property, and all improvements placed thereon by him during his possession should become part of the real property. He attached to and made the contract a part of his petition.

H. F. Cypher disclaimed and the Pharis Oil Company defaulted.

The defendant, Clem Hinds, urged a general demurrer and certain special exceptions which will be hereafter considered; pleaded a general denial, the two and four years statutes of limitation and alleged that on and prior to the execution of the contract, December 26, 1929, the first and second parties fraudulently represented to him that all four of the wells were in good condition except they needed cleaning out, the cost of which would not exceed $2,000, and by such expenditure each of the wells could be made to produce; that the wells were completely cased and they owned all the personal property on the lease; that he was prevented from making any investigation of the lease or the condition of the wells; that plaintiff and his predecessors in title knew of these conditions but by false representations upon which the defendant relied he was induced to execute the contract. In truth and in fact wells Nos. 2 and 3 were without value because three strings of tools had been lost in well No. 2 and could not be gotten out; that the casing in well No. 3 had collapsed

and it was impossible to get tools to the bottom thereof; that in an effort to recondition said wells he had expended $4,762.15; that after he executed the contract certain parties who claimed to be the true owners thereof were permitted to remove personal property of the value of $5,592 from the lease by the plaintiff and his predecessors who promised defendant that they would pay him therefor by crediting the reasonable value of such property on the consideration he had agreed to pay, but failed and refused to allow such credit; that wells Nos. 1 and 4 were not completely cased but prior to the signing of the contract casing of the value of $9,282 had been withdrawn from said wells and removed from the lease; that the refusal of the plaintiff and his predecessors to compensate the defendant for the personal property and the casing removed constituted failure of consideration and such amount if allowed would have paid and satisfied the obligations of the defendant. The defendant further alleged that he made valuable improvements upon the lease aggregating the sum of $21,025.54, which increased the value of the lease in that amount and that he was entitled to compensation therefor. His prayer that the plaintiff take nothing by his suit is the only relief he was entitled to under the allegations in his answer. Milliken v. Smoot, 64 Tex. 171; Hughes v. McDonald, Land Com'r et al., Tex.Civ.App., 122 S.W.2d 366; 33 Tex. Jur. 466, para. 46.

The plaintiff by a supplemental petition specially excepted to the paragraphs in defendant's answer in which he alleged fraud, failure of consideration and payment and sought recovery for the improvements of certain personal property, since under the contract the plaintiff on default was entitled to the possession of the premises and all personal property placed thereon by defendant and the allegations of fraud, failure of consideration and payment disclosed on their face that appellant had discovered and knew thereof about January 1, 1931, and retained possession of the property, failed to rescind and elected to retain the premises and rely on an action for damages which were barred by the statutes of two and four years limitation.

The case was submitted to the court without the intervention of a jury and judgment rendered in behalf of H. F.

Cypher on his disclaimer, the Pharis Oil Company was dissolved and the plaintiff, E. R. Biggs, decreed title and possession of the leasehold estate and the clerk directed to issue a writ of execution and the possession of the property be restored to the plaintiff.

The statement of facts was presented to the clerk of this court after the time for the filing thereof had expired, and the appeal is before us without such statement.

The court in his judgment finds that Clem Hinds, the Pharis Oil Company, E. R. Biggs and C. M. Humphrys on the 26th day of December, 1929, made the contract; that the plaintiff, C. M. Humphrys and the oil company were to advance to the defendant $2,000 for repairs and improvements on the property; that they made such advancement; that the defendant defaulted on or before the 1st day of March, 1930, and thereafter continued in possession of the property; that the total payments on the contract were made from the proceeds of oil and gas received from the operation of the lease but did not exceed $15,000; that the defendant repudiated the contract about December 28, 1938, and asserted title to the property; that the plaintiff is the sole owner of the stock and he should have the title and possession of the property, both real and personal.

■ The appellant challenges as error the action of the court in overruling his special exception to appellee's petition for failing to allege that he and his predecessors complied with the obligation imposed upon them in the contract to advance to the appellant the sum of $2,000 to be expended for new equipment, repairs and material on said lease. The action of the court in overruling this special exception does not, in our opinion, constitute reversible error. 10 Tex.Jur. 494, para. 287. However, the court found that the appellee and C. M. Humphrys had paid to the appellant said $2,000 and hence had complied with the contract, and no objection is urged to such finding.

The appellant specially excepted to appellee's petition because he contends it appeared on the face thereof that the cause of action alleged was barred by the four years statute of limitation. Article 5520, Vernon's Ann.Civ.St., on which this contention is based, reads as follows:

"Actions by vendors, etc. There shall be commenced and prosecuted within four (4) years after the cause of action shall have accrued and not afterward, except as herein provided, all actions of the following description:

"1. Actions to recover real estate by virtue of a superior title retained by the vendor in a deed of conveyance or purchase money note.

"2. Actions for the foreclosure of vendor's liens on real estate.

"3. Actions to foreclose deed of trust or mortgage liens on real estate. Provided, however, that where a series of notes may be given or any note may be made payable in installments, or if any other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment. Upon the expiration of four (4) years from and after the date of maturity of the last said note or installment, payment shall be conclusively presumed to have been made of each said note and installment, and the lien for the security of same shall cease to exist, unless the same is extended by an agreement in writing by the party or parties primarily liable for the payment of the indebtedness, as provided by law."

If the contract under consideration is subject to the provisions of the article above quoted and the limitation therein provided is available to the appellant as a defense, we think the cause of action alleged was barred by limitation, since the last installment was due January 1, 1933, and the plaintiff filed his suit on December 30, 1938. Yates et al. v. Darby, 133 Tex. 593, 131 S.W.2d 95.

Do the instruments described in the statute include the contract which constitutes the basis of this litigation?

The caption to article 5520 reads as follows: "An Act repealing Articles 5521 and 5523, and amending Article 5520, Chapter 1, Title 91, Revised Civil Statutes of Texas, 1925, relating to Vendor's Lien, Mortgage Lien, and Deed of Trust Notes secured by lien on real estate, providing time and manner of the running of limitation thereon; and of actions to recover real estate by virtue of a superior title retained by vendors or grantors, and for the presumption of payment and existence

of lien; providing the time and manner of enforcement of said notes and liens to secure the same, and for the expiration of the lien in certain cases; providing for the extension of liens and renewal of notes; and declaring an emergency." Acts 1931, c. 136. The emergency clause mentions only mortgage liens, deed of trust liens and vendor's liens.

In Currie v. Burgess et al., 132 Tex. 104, 120 S.W.2d 788, 790, involving the construction of a contract similar in many particulars to the one under consideration, in answer to a certified question the Supreme Court said: "The contract set out is plainly only an executory agreement to convey. It is not a contract of sale. It passed neither the legal nor the equitable title. It does not even recite that the vendor had agreed to sell until one half of the agreed purchase money was paid, at which time he was to execute and deliver a sufficient deed, 'granting and conveying' the property to the vendee. It is clear that no equitable title was to vest until half the money was paid, because, in case of default prior to that time, the payments were to be forfeited as liquidated damages, and the contract would be of no force and effect."

In City of Fort Worth et al. v. Rosen, 228 S.W. 933, 936, the Commission of Appeals, in holding article 5520 prior to the amendment of 1931 inapplicable to an installment paving lien created by an ordinance of the city, says: "It is contended by the plaintiff that under the statute relating to vendor's and deed of trust liens it has four years in which to bring suit, and that on the face of the pleadings and from the facts the bar had not operated against recovery. A sufficient answer is that the debt here sued upon and the lien sought to be foreclosed are not comprehended by these statutes. They are limited to the particular liens mentioned." To the same effect is the holding in Bailey v. Burkitt, Tex.Civ.App., 201 S.W. 725, and in Haugen et al. v. Johnson et al., Tex.Civ.App., 282 S.W. 1115, in which the application for a writ of error was dismissed, but was in substance approved by the Supreme Court in 115 Tex. 489, 283 S.W. 480.

See also Adams v. Harris, Tex.Civ. App., 190 S.W. 245; Bean et ux. v. J. I. Case Threshing Machine Co., Tex.Civ. App., 221 S.W. 634.

The appellant contends that the language in the statute "or if any other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment" renders this contract subject to the limitation provided therein, but the statute also provides not only that "payment shall be conclusively presumed to have been made * *" but also that "the lien for the security of same shall cease to exist", thereby connecting the "obligation" and the "lien".

Under the holdings of the courts and the provisions of the contract it was not a conveyance and no title, either legal or equitable, passed to the defendant. No lien was created by or reserved in the contract to secure the obligation which the appellee agreed to pay. The appellee's only remedy was by the forfeiture clause, the terms and conditions of which were agreed to by appellant. Forfeitures because of their harshness are not favored by law, but the party agreeing thereto, and not the law, is responsible for any hardships resulting therefrom. Texas Rural Communities v. Avary et ux., Tex. Civ.App., 113 S.W.2d 597. It is our opinion that this article is limited to the particular instruments described therein and does not comprehend the obligation created in this contract, hence, appellant cannot avail himself thereof. We do not believe this conclusion in conflict with the holding in Hughes v. Stovall et al., Tex. Civ.App., 135 S.W.2d 603.

The appellant assails as error the action of the court in sustaining appellee's demurrer and exceptions, urging the two and four years statutes of limitation to the allegations of fraud, failure of consideration and payment pleaded as a defense in appellant's answer. The claims of appellant for moneys expended on improvements on the property were according to the dates in the cross-action barred by limitation. Appellant, however, alleged in his pleas of payment and failure of consideration that other parties claimed and were permitted by appellee to remove from the lease personal property of the value of $5,592 which sum he says appellee agreed to credit on the purchase price; that the fact was fraudulently concealed from him of pipe of the value of $9,282

having been removed from certain wells before he executed the contract of purchase. In our opinion the last two amounts were not under the allegations subject to the exceptions urging limitation.

In 28 Tex.Jur. 135, para. 53, the writer, speaking of limitation, says: "Thus the statute is not .available as a bar to a defense of fraud or mistake, failure of consideration, waiver and estoppel, usury, or payment, regardless of whether the payment was made with money, personal property or services; and, in an action upon a contract an answer setting up the failure of the plaintiff to perform is not subject to exception on the ground that the defense is barred by limitations."

In Terry et al. v. Baskin et al., Tex. Com.App., 44 S.W.2d 929, 933, 78 A.L.R. 1067, Judge Critz, after reviewing numerous authorities, holds: "That the defendants' special answer of fraud alleges a defense to the cause of action asserted by the plaintiffs Morrison & Lewis, and * * such defense is not barred by any statute of limitation." To the same effect is the holding in Mason v. Peterson et al., Tex. Com.App., 250 S.W. 142.

In Mason Gin Co. v. Continental Gin Co., Tex.Civ.App., 43 S.W.2d 955, writ of error refused, it is held: "The law seems to be well settled that, as between the original payor and payee in a note, there is no limitation against the right of the payee to defeat its payment by reason of the failure of the consideration in whole or in part for which it was executed. Mason v. Peterson (Tex.Com.App.) 250 S. W. 142, par. 10, 146; Stroud v. Toland (Tex.Civ.App.) 279 S.W. 609; McNeese v. Page (Tex.Civ.App.) 29 S.W.(2d) 489 (error dismissed); Fievel v. Zuber, 67 Tex. 275, 3 S.W. 273; Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815, 817."

In Konz v. Pratt, Tex.Civ.App., 249 S. W. 258, it is held a plea that a note should be credited with certain fees, and if so credited the debt would be completely paid, is a good plea of payment and not subject to a plea of limitation.

As authority for the conclusions here reached, we also cite Shambaugh v. Anderson, Tex.Civ.App., 92 S.W.2d 530; Dallas Joint Stock Land Bank v. Sneed et al., Tex.Civ.App., 91 S.W.2d 1102; Shaw, Commissioner of Banking and Insurance, v. First State Bank of Iowa Park

et al., Tex.Civ.App., 13 S.W.2d 133; Stroud v. Toland, Tex.Civ.App., 279 S.W. 609. For the reason that the court erred in holding that the answer disclosed on its face that limitation had barred the defenses of fraud, failure of consideration and payment, these assignments are sustained. All other errors urged by appellant are overruled.

The judgment is reversed and the cause remanded.